UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRADLEY DAWKINS

v.  C.A. NO. 10-494 ML

DAVID COOPER ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Bradley Dawkins ("Plaintiff"), *pro se*, an inmate at the Rhode Island Adult Correctional Institutitions ("ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") under 42 U.S.C. § 1983 ("§1983") naming as defendants David Cooper, Esq.; Clerk Gail DeAlmo; Clerk Stephen Burke; and Clerk Joseph Conley (Docket # 1). Presently before the Court is Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2).

This matter has been referred to me for determination; however, upon screening the Complaint as required by 28 U.S.C. § 1915A ("§ 1915A") and 28 U.S.C. § 1915A, I have found that the Complaint fails to state claims on which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and Plaintiff's motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

The facts described by Plaintiff in the Complaint and the exhibits attached thereto, which are taken as true for purposes of this Report and Recommendation, are summarized as follows:

On April 4, 2009, Defendant attorney David Cooper, acting as Plaintiff's defense lawyer, advised Plaintiff that the judge was going to sentence Plaintiff to the maximum sentence if Plaintiff did not plead guilty. Defendant Cooper failed to advise Plaintiff of his rights and defenses and erroneously informed Plaintiff that there were no medical records or ballistics that could exonerate Plaintiff. Plaintiff presumably pled guilty.

On an unidentified date, Plaintiff sent a post-conviction motion to "the [D]efendant Clerks" of the Rhode Island Supreme Court (Clerk Gail DeAlmo; Clerk Stephen Burke; and Clerk Joseph Conley)(together, the "RISC Clerks"). Cmpt. at p. 3. The RISC Clerks "refused to process" Plaintiff's post-conviction motion. *Id.* at p. 4. Plaintiff continued to write to the RISC

1

Clerks for several months "requesting the protection of his due process rights" and wrote to the chief administrator for the RISC Clerks, who made the RISC Clerks aware of the filings. *Id.*

## DISCUSSION

### I. Screening Under § 1915A and § 1915(e)(2)

Section 1915A directs the Court to screen prisoner complaints against a governmental entity, officer or employee before docketing or soon thereafter to identify cognizable claims, and requires the Court to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, 28 U.S.C. § 1915(e)(2) instructs the Court to dismiss the case of a person proceeding *in forma pauperis* for identical reasons. 28 U.S.C. § 1915(e)(2).

Here, the issue is whether Plaintiff's complaint states claims for which relief may be granted from defendants who are not immune. In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To state a claim for relief, a pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests". *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8(a)(2).

Plaintiff has brought this action under 42 U.S.C. § 1983. In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). As discussed below, I find that defendants are not subject to suit in this § 1983 action.

### II. Defense Counsel Cooper: No Action Under Color of State Law

Plaintiff names Cooper as a defendant for his actions as Plaintiff's defense lawyer. However, Cooper was not acting "under color of state law" as required for a § 1983 claim. Even if the state appointed Defendant Cooper to represent Plaintiff, as Plaintiff implies, *see* Cmpt., p. 5, the appointment of a private attorney by the court to represent a defendant in a criminal proceeding does not convert the private attorney's actions into acts "under color of state law" or

state-law malpractice claims into constitutional claims subject to § 1983 liability. *See Malachowski v. City of Keene,* 787 F.2d 704, 710 (1st Cir. 1986)(court-appointed private attorney does not act under color of state law for purposes of § 1983), *cert. denied,* 479 U.S. 828 (1986). I therefore recommend that the claims against attorney Cooper be DISMISSED.

### III. The RISC Clerks: Negligence Does Not Arise to Constitutional Deprivation

Plaintiff states in the Complaint that the RISC Clerks denied his right to due process by failing to exercise "ordinary care, skill and obligation" and "skill commensurate with the profession" when they failed or refused to process his motion for post-conviction relief. Cmpt., p. 2. In *Daniels v. Williams,* the United States Supreme Court ruled that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. 327, 328, 106 S.Ct. 662 (1986)(emphasis added). The Supreme Court reasoned that the Due Process Clause was intended to protect individuals from an abuse of power by the government rather than the failure of a government official to measure up to the conduct of a reasonable person. *Id.* at 331-332. As Plaintiff's complaint against the RISC Clerks is merely one of negligence, it does not support a § 1983 claim for violation of due process protections.

### CONCLUSION

As set forth above, Plaintiff has failed to state claims upon which relief may be granted under § 1983. Attorney Cooper, as a private attorney, did not act under color of state law in defending Plaintiff while Plaintiff's allegations that the RISC Clerks negligently violated his due process rights do not support a § 1983 claim. Consequently, I recommend that Plaintiff's action be DISMISSED and Plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete,* 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
February 8, 2011